SOUTH PUERTO RICO SUGAR CORPORATION, Petitioner, *v.* PUERTO RICO SUGAR BOARD, Respondent.

No. JA-62-2.        Decided October 28, 1963.

360

*A. Castro Fernández* and *F. Castro Amy* for petitioner. *Lydia F. Marcos* for respondent. *Charles R. Cuprill* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: In *South P.R. Sugar Co.* v. *Sugar Board; Mercado, Int.*, 82 P.R.R. 814 (1961), we reversed an order of the Sugar Board authorizing Adriana L. Mercado to shift the grinding of the cane produced on leased farms belonging to Santiago Sambolín to Central Rufina. We held that Mrs. Mercado, as Sambolín's tenant, was obliged to comply with the terms of the contract he had executed with South P.R. Sugar Co. The case having been remanded, the South P.R. Sugar filed a motion requesting the Board to order Adriana Mercado to pay them in cash the sum which represented the profits which were not received for having ground part of the cane in Central Rufina.[1] Then Adriana Mercado filed a motion requesting the Board to order South P.R. Sugar to pay her 20 cents per ton of cane ground during the three years in which she hauled them to that central according to the agreement executed with Sambolín.[2]

---

[1] Before the posting of bond (Sugar Act, § 33—5 L.P.R.A. § 402, Vol. 2, ed. 1963—) by the South P.R. Sugar, Adriana Mercado hauled the cane to Central Rufina. After the posting of bond, the canes were hauled to Central Guánica.

[2] Even though the grinding contract provided that the compensation shall be paid after each grinding season, it was not until South P.R. Sugar claimed from Adriana L. Mercado that the latter counterclaimed for the additional compensation.

The Board denied the request made by the South P.R. Sugar and granted the motion of Adriana L. Mercado. South P.R. Sugar appealed and we decided to review only that part of the decision of the Board which compelled it to pay Adriana Mercado 20 cents per ton of cane ground in South P.R. Sugar during the time the original contract executed with Santiago Sambolín was effective.

The same day South P.R. Sugar Co. and Sambolín signed the crop loan and grinding contract, they entered into another private contract in which the Central was bound to pay to Sambolín "after each of the first five grinding seasons covered by the above-mentioned notarial contract the sum of 20¢ (20 cents) as quota per ton of cane delivered to the central according to the notarial contract, during said grinding seasons . . ." [it being] "further provided that the colono guarantees the Central that it shall have as quota in the years of the contract not less tons of noble canes than what it will have in the grinding season of 1956, except for force majeure."

In the year 1956 colono Sambolín hauled 16,869 tons of cane while Adriana Mercado only hauled during 1958: 7,118.90 tons, during 1959: 10,668.71 tons, and during 1960: 9,127.30 tons.

The Sugar Board understood that since Adriana Mercado had not leased all the farms belonging to Sambolín and which were object of the crop loan and grinding contract signed with the South P.R. Sugar and since "there is no evidence to show that Adriana L. Mercado ground in the years following 1956 cane produced on the farms which were object of the crop-loan contract and in her possession an amount less than the proportion guaranteed by those farms," and since "the burden of proof of the nonperformance of that guarantee rests with the party invoking it," that is, with the South P.R. Sugar Co., it decided that the latter was "bound to pay to Adriana L. Mercado the amount of $5,382.98 on

account of the 20 cents per ton for the grinding of cane in Central Guánica during the grinding seasons of 1958, 1959, and 1960 and it orders said payment."

■■ Without passing to consider whether the private contract[3] entered into between Sambolín and the South P.R. Sugar Co. controls the relations with Adriana Mercado, the decision of the Board cannot prevail because it is predicated on the premise that it was the Central which had the burden to prove that Adriana L. Mercado had not supplied the proportion[4] of cane which according to said contract she was bound to haul in order to be entitled to the additional compensation, where the burden to prove that she had complied with the condition clearly rested with the claimant. "The party holding the affirmative of the issue must produce the evidence to prove it." Section 108, Law of Evidence, 32 L.P.R.A. § 1971; *Galarza* v. *G. Llinás & Co.*, 71 P.R.R. 103 (1950); *Ortiz* v. *Bermúdez*, 70 P.R.R. 674 (1949); *Heirs of Rivera* v. *G. Godreau & Co.*, 59 P.R.R. 829 (1942).

The order of the Board therefore will be reversed insofar as it compels the South P.R. Sugar to pay Adriana L. Mercado the sum of $5,382.98 on account of 20 cents per ton for the grinding of cane in the Central Guánica during the grinding seasons of 1958, 1959, and 1960.

---

[3] The contract for the "Purchase of Cane and Crop Loan" was reproduced in a public deed. It is No. 147 of September 13, 1956 executed before Notary José Martín Betancourt. As we stated in *South P.R. Sugar Co.* v. *Sugar Board; Mercado Int.*, 82 P.R.R. 814 (1961) the contract was duly recorded in the registry of Agricultural Contracts. The private contract was not recorded.

[4] To this respect we call the attention to the fact that the contract by virtue of which South P.R. Sugar Co. was compelled to pay an additional amount of 20 cents per ton of cane delivered makes no reference to the distribution of production among the different farms so as to justify taking in consideration whether Adriana Mercado hauled for grinding the "proportion" of cane corresponding to the farms leased by her.